UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CROSSROADS OUTDOOR,
LLC, and TROY OUTDOOR,
LLC,

       Plaintiffs,                  CASE NO. 18-CV-12050
                                     HON. GEORGE CARAM STEEH

v.

CITY OF TROY,

       Defendant.

_____/

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT (Doc. 10) AND GRANTING
<u>DEFENDANT'S REQUEST TO DISMISS COUNT III (Doc. 13)</u>

This 42 U.S.C. § 1983 takings suit arises out of Defendant City of Troy's (the "City") notice to Plaintiffs CrossRoads Outdoor, LLC and Troy Outdoor, LLC, that their three sign permits, issued in 2017, were suspended based on the City's enactment of a moratorium on all new signs. Plaintiffs did not appeal the decision to the City of Troy's Building Code Board of Appeals. Counts I and II allege federal § 1983 claims and Count III seeks a declaratory judgment that the moratorium does not apply to Plaintiff's sign permits at issue under state law. Now before the court is Plaintiffs' motion for partial summary judgment on Count III only. In its

response, the City seeks dismissal of Count III for lack of subject matter jurisdiction, and because Plaintiffs failed to exhaust their administrative remedies. Oral argument was heard on January 17, 2019, and informs this court's decision. For the reasons set forth below, Plaintiffs' motion shall be denied and Defendant's request shall be granted.

## I. Factual Background

From February, 2017 through October, 2017, Plaintiffs obtained permits to erect eight 200 square foot electronic message center billboards in various locations in the City of Troy. By November, 2017, five of the signs had been constructed. And Plaintiffs had invested in the three signs that had not yet been installed by expending money on consultants and contractors, and otherwise beginning work. According to the City, it received an influx of complaints about those first five signs and thus, enacted a 180-day moratorium on all new signs on November 20, 2017. On November 21, 2017, the City's Zoning and Compliance Specialist notified Plaintiffs that it was suspending the three permits, for which signs had not yet been erected, based on the sign moratorium. Plaintiffs did not appeal to the Board of Appeals.

Shortly thereafter, on December 4, 2017, the City modified the moratorium to apply only to new electronic messages and ground signs

exceeding certain height and area restrictions.  The moratorium was extended until September 24, 2018, when the City Council approved amendments to the sign ordinance which became effective on October 4, 2018.  Under the new sign ordinance, Plaintiffs' signs would no longer pass muster as all are 200 square feet, whereas the ordinance limits ground signs to a maximum of 100 square feet.

Plaintiffs filed a three-count complaint.  Counts I and II are § 1983 claims and Count III is a supplemental state law claim.  Count I alleges the moratorium constitutes an unconstitutional prior restraint in violation of the First and Fourteenth Amendments, and seeks declaratory, injunctive, and monetary relief.  Count II alleges the moratorium violates Plaintiffs' substantive and due process rights in violation of the Fifth and Fourteenth Amendments, and seeks declaratory, injunctive, and monetary relief.  Count III seeks a declaration that the December 4, 2017 moratorium and extension on May 22, 2018, on new signs does not apply to the three permits at issue, which were granted before that date and thus, were valid and complete at the time of issuance.

In the matter now before the court, Plaintiffs seek partial summary judgment on Count III of the Complaint only, seeking a declaration that the sign moratorium does not apply to their three permits.  The City of Troy

opposes the motion for three reasons: (1) the court allegedly lacks subject matter jurisdiction over the supplemental state law claim; (2) the court should dismiss Count III for Plaintiffs' failure to exhaust administrative remedies, or (3) should the court reach the issue on the merits, the court should rule that the permits were properly suspended in accordance with the moratorium.

**II. Standard of Law**

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice. The procedure is not a disfavored procedural shortcut. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will

a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

### III. Analysis

#### A. Subject Matter Jurisdiction

First, the court concludes that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiffs' supplemental state law claim because it arises from the same set of facts as claims over which the court has original federal-question jurisdiction. Because this court has original jurisdiction over the § 1983 claims, the court has supplemental jurisdiction over the state law claim because it "form[s] part of the same case or controversy." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting 28 U.S.C. § 1367(a)). "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative fact' such that a plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 694 (6th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Although this court likely would

decline to exercise jurisdiction over the supplemental state law claim were it to first dismiss the federal claims, as long as the federal claims are pending, it is appropriate to retain jurisdiction over the pendant state law claim which clearly arises out of the same common nucleus of operative fact. Moreover, contrary to the City of Troy's argument, this court has the authority to issue declaratory relief as to whether the City properly construed the moratorium language.

**B.     Exhaustion of Administrative Remedies**

Next, the court turns to the City's argument that this court lacks subject matter jurisdiction because Plaintiffs have failed to exhaust their administrative remedies. Indeed, this is a question of ripeness. Ripeness is a doctrine which is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (internal quotation marks and citations omitted). Under Michigan law, "[i]t is well established that where an administrative grievance procedure is provided, exhaustion of that remedy, except where excused, is necessary before review by the courts." *Bonneville v. Mich. Corr. Org., Serv., Employees Int'l Union, Local 526M AFL-CIO*, 190 Mich. App. 473, 476 (1991).

Michigan courts have identified four policy reasons which justify the exhaustion requirement, all of which are implicated here. These are "(1) to prevent an untimely intrusion by the courts resulting in delays and disruption of an administrative scheme, (2) to ensure that appellate review occurs with a fully developed record, (3) to ensure that required agency expertise and technical competency is afforded in the process, and (4) to afford the agency an opportunity to resolve the dispute without judicial intervention." *L & L Wine & Liquor Corp. v. Liquor Control Comm'n*, 274 Mich. App. 354, 362 (2007) (per curiam). Here, Plaintiffs seek declaratory relief in the form of a legal conclusion that the moratorium on sign permits does not apply to them. But Plaintiffs have not availed themselves of an appeal to the Board of Appeals which bears the power to hear their appeal and to grant variances from the sign ordinance. It remains possible that the Board of Appeals will determine that the sign moratorium does not apply to Plaintiff's three permits or grant a variance based on the unfairness of suspending the permits for which Plaintiffs may have reasonably relied. Should Plaintiffs receive a variance from the Board of Appeals or otherwise prevail on appeal by securing an exemption from the sign moratorium or a ruling that the moratorium does not apply to them, their claims for

declaratory relief here will be moot. Accordingly, Plaintiffs' supplemental state law claim for declaratory relief is not yet ripe for review.

Plaintiffs do not dispute an exhaustion requirement, but argue they fall within any one of three narrow exceptions: (1) the relief requested is purely declaratory and the facts are undisputed, (2) seeking an administrative remedy would be futile, and (3) the issue is a legal question. None of these exceptions apply.

First, the facts are not fully developed as it remains possible that the Board of Appeals would rule in Plaintiffs' favor on appeal. Second, Plaintiffs argue an appeal to the Board would be futile because the City Attorney has opined that the ordinance authorized the suspension of the permits, and her opinion would bind the Board, who lack the authority to interpret the ordinance, but only retain the power to grant a variance. At oral argument, the City represented that the Board would not be limited by the City Attorney's opinion, and that the Board's powers were not limited to granting a variance, but could hear an appeal. Section 85.01.08 of the sign ordinance provides that "Any person aggrieved by any decision, ruling or order from the Building Inspector may appeal that decision to the Board of Appeals." (Doc. 13 at Ex. A at 85-7). Also, the Board's decision on appeal, and/or its decision to grant a variance might afford Plaintiffs the

very relief they seek, would moot the legal question presented, and might render a judicial resolution unnecessary.

Finally, the court considers Plaintiffs' claim that the issue presented is solely a legal question and thus, exhaustion is not required. But this is not solely a legal question. A fact question exists as to whether or not the Board of Appeals would apply the moratorium to Plaintiffs' sign permits. Under these circumstances, exhaustion is required, and Plaintiffs have not demonstrated any exception applies. Finally, Plaintiffs argue that under *Bay Cty. Executive v. Bay Cty. Bd.of Comm'rs*, 129 Mich. App. 707 (1983), this court has the power to grant a declaratory judgment "even if another remedy also exists." (Doc. 14 at PgID 294). But that case did not address exhaustion of administrative remedies at all and does not pertain to the situation here.

For the reasons set forth above, Plaintiffs' motion for partial summary judgment (Doc. 10) is DENIED, Defendant's request that Count III be DISMISSED (Doc. 13) is GRANTED, and Count III is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: January 22, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 22, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk